UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ANTON J. SESSION and NYREEK WARE

                  Plaintiffs,

   -against-

POLICE OFFICER AARON LOHMAN, of the 108th
Police Precinct, POLICE OFFICER CHRISTOPHER
KEARNEY, of the 7th Police Precinct, POLICE
OFFICER DANIEL SJOBERG, of the Queens Gang
Squad, "JOHN DOE 1-8," identities unknown
but believed to be New York City police
officers who assisted in arrest of
plaintiffs, THE CITY OF NEW YORK;

                Defendants.
----------------------------------------X

**AMENDED
COMPLAINT**

<u>JURY TRIAL DEMANDED</u>

Docket No:
15-CV-00056
(SLT)(CLP)

ECF CASE

    ANTON J. SESSION and NYREEK WARE, by their attorneys,

MARCHELOS LAW P.C., alleges the following, upon information and

belief, as his Complaint:

<u>**NATURE OF THE ACTION**</u>

    1.    This civil rights action arises from the defendant

Police Officers' unlawful and improper arrest and imprisonment of

plaintiffs on October 9, 2013 through October 10, 2013 and the

malicious prosecution of plaintiffs by the defendants through

December 12, 2014;

    2.    Plaintiff seeks declaratory relief pursuant to 28

U.S.C. §2201, compensatory and punitive damages for violation of

plaintiff's civil rights pursuant to 42 U.S.C. §§1981, 1983, 1985

and 1986 and an award of costs, disbursements and attorneys fees

under 42 U.S.C. §1988.  Plaintiff also seeks compensatory and

punitive damages under State Law Tort claims;

## JURISDICTION

3.    This action is predicated upon violations of plaintiff's Civil Rights protected under the United States Constitution inclusive of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and actionable pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1986.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(3).  Plaintiff asserts jurisdiction over the City of New York its agents servants and employees of all claims in this Court under 28 U.S.C. §1367.  Plaintiff requests that this Court exercise supplemental jurisdiction over those pendent state law claims arising out of the same common nucleus of operative facts as do plaintiffs' federal claims;

## VENUE

4.    Pursuant to 28 U.S.C. §1391(b)(2), venue is proper in the Eastern District of New York because all or a substantial part of the events or omissions giving rise to the claim occurred in that District, to wit: Queens County;

## NOTICE OF CLAIM

5.    That on January 8, 2014, plaintiffs each caused a Notice of  Claim to be served upon defendant, THE CITY OF NEW YORK;

6.    The Notices of Claim were delivered to the person

2

designated by law as a person to whom such claims may be presented and served;

7.     The Notices of Claim was in writing, sworn to by or on behalf of the plaintiff and contained the name and post office address of the plaintiff and plaintiff's attorney, the  nature of the claim, the time when the place where and the manner by which the claim arose, and the damage and injuries claimed to have been sustained;

8.     That on May 15, 2014, plaintiffs presented before the defendant, CITY OF NEW YORK, and gave testimony pursuant to General Municipal Law 50-h about the acts and occurrence which gave rise to this action;

9.     The defendant, CITY OF NEW YORK, never requested a physical exam;

10.     Defendant, CITY OF NEW YORK has failed and refused to pay and/or adjust the claims within the statutory period of time;

11.     This action has been started within one year and ninety days after the happening of the event upon which the claim is based;

<u>**PARTIES**</u>

12.     Plaintiff, ANTON J. SESSION, was and continues to be a resident of the State of New York, County of Queens;

13.     Plaintiff, NYREEK WARE, was and continues to be a resident of the State of New York, County of Queens;

3

14.    Defendant, the CITY OF NEW YORK is a municipal corporation duly authorized and existing under and by virtue of the laws of the State of New York;

15.    Defendant, the CITY OF NEW YORK, has established and maintains a police department which is an agency of the defendant, CITY OF NEW YORK;

16.    At all times relevant, defendants the CITY OF NEW YORK employed the individual defendant, POLICE OFFICER AARON LOHMAN;

17.    At all times relevant, defendant, POLICE OFFICER AARON LOHMAN was a duly appointed and acting police officer of the CITY OF NEW YORK;

18.    At all times relevant, defendants the CITY OF NEW YORK employed the individual defendant, POLICE OFFICER CHRISTOPHER KEARNEY;

19.    At all times relevant, defendant, POLICE OFFICER CHRISTOPHER KEARNEY was a duly appointed and acting police officer of the CITY OF NEW YORK;

20.    At all times relevant, defendants the CITY OF NEW YORK employed the individual defendant, POLICE OFFICER DANIEL SJOBERG;

21.    At all times relevant, defendant, POLICE OFFICER DANIEL SJOBERG was a duly appointed and acting police officer of the CITY OF NEW YORK;

22.     At all times relevant, defendants the CITY OF NEW YORK employed the individual defendants identified herein only as "JOHN DOE 1-8", but believed to be New York City police officers who assisted in arrest and assault of plaintiff along with Officers Lohman, Kearney and Sjoberg;

23.     At all times relevant, defendants, "JOHN DOE 1-8" were duly appointed and acting police officers of the CITY OF NEW YORK;

24.     At all times relevant, the individual defendants were acting under the color of State Law;

25.     At all times relevant, the individual defendants were acting both in their individual and official capacity as employees of defendant the CITY OF NEW YORK;

26.     Notwithstanding the unconstitutional and unlawful conduct, the actions of the individual defendants were taken in the course of their duties and were incidental to their otherwise lawful functions as agents, servants and employees of the CITY OF NEW YORK;

<u>**FACTS UNDERLYING PLAINTIFF'S CLAIMS FOR RELIEF**</u>

27.     That on or about October 9, 2013 starting at approximately 9:30 p.m. of that day, plaintiffs, ANTON J. SESSION and NYREEK WARE, were falsely and unlawfully arrested by defendant, CITY OF NEW YORK, by its agents, servants and/or employees while they were passengers in a car at and about 114-05

5

170th Street, Jamaica, New York;

28.    On October 9, 2013, and prior to this encounter with the defendant police officers, plaintiffs were traveling with some friends to a recording studio to record some music;

29.    Plaintiffs were traveling with companions, Timothy Creech, Daquan Lowery, Dashaun Phillip and James Freeman;

30.    James Freeman owned and operated the vehicle they boys were traveling in;

31.    All of the individuals in the car were young African American Males ranging in age, 19-22;

32.    That Mr. Freeman stopped the vehicle at this location to speak with other individuals who were at this location.  He had walked a short distance from the vehicle to do this;

33.    That while James Freeman was talking to his friends, the car ignition had been turned off and the car parked;

34.    That plaintiffs and their 3 other companions were talking amongst themselves while they waited for James Freeman to return to the vehicle;

35.    After a short time period, a black police vehicle, believed to be a Camry, rolled up on the plaintiffs' vehicle. There were 4 police officers inside the Camry;

36.    The Camry stopped by the plaintiffs' vehicle and 3 police officers exited the vehicle, including defendant Lohman;

37.    It is believed that defendants Kearney and Sjoberg

6

exited the vehicle as well;

38.    That the defendant police officers, including defendant Lohman, Kearney and Sjoberg, approached the plaintiffs and their companions and asked them to exit the vehicle;

39.    That the defendant police officers had no lawful right to ask the plaintiffs or their companions to exit their vehicle;

40.    Notwithstanding this, the plaintiffs and their companions, complied with the order of the defendant police officers;

41.     Plaintiffs and their companions were then ordered to stand against their vehicle as they were searched by the defendant police officers;

42.    That the defendant police officers had no lawful right to search the plaintiffs or their companions;

43.    That no contraband of any kind was found in the possession of the plaintiffs or their companions;

44.    That the defendant police officers than decided to search the vehicle that the plaintiffs were sitting in;

45.    That the defendant police officers had no lawful right to search the vehicle;

46.    In fact, the searches performed by the defendant police officers upon the plaintiffs and their companions as well as the vehicle were all without a lawful warrant or the existence

7

of probable cause;

47.    That while two of the defendant police officers were searching the vehicle, another police officer was asking plaintiffs and their companions questions which were clearly racially derogatory, such as, whether they were members of a gang;

48.    After the search of the vehicle was completed, the defendants advised plaintiffs and their companions to turn around.  Plaintiffs and their companions complied with this order;

49.    That defendant officers then hand-cuffed the plaintiffs and their companions;

50.    Apparently, as a result of the illegal search, the defendant police officers found a single pill container with legally prescribed oxycodone pills located in the center console glove box;

51.    That neither the plaintiffs, nor their companions knew anything about this prescribed medication;

52.    As the plaintiffs were being hand-cuffed, James Freeman returned to the car;

53.    He quickly learned that his companions, including the plaintiffs, were being arrested for possession of the Oxycodone pills;

54.    That James Freeman immediately identified himself to

the police officers, told them that he was the owner of the vehicle and that the medication was his;

55. That the vehicle the defendant officers searched was lawfully owned and registered to James Freeman;

56. That upon information and belief, the bottle of pills had a valid prescription label with James Freeman's name on it;

57. That the defendant officers did not care about the exculpatory information that was provided by James Freeman;

58. That notwithstanding the fact that the car was registered to James Freeman and the narcotics belonged to James Freeman, the defendant police officers did not arrest James Freeman;

59. Instead, the defendant officers confiscated the legally prescribed oxycodone pills and took the plaintiffs and their companions to the 113th precinct;

60. That at the 113th precinct, the plaintiffs and their companions were advised by defendants that they were being arrested for possession of narcotics;

61. The plaintiffs and his companions were all arrested and sent over to Queens Central Booking for processing;

62. Plaintiffs were confined to jail cells in central booking which were unsanitary, unsafe, and caused the plaintiffs to fear for their safety and well being;

63. That plaintiffs were confined to central booking

9

until approximately 4:00 p.m. on October 10, 2013 when they were arraigned before a Judge in Criminal Court;

64.    That the arrest was initiated and continued without probable cause to believe any crime had been committed by the plaintiff;

65.    That plaintiffs had knowledge of their confinement;

66.    That plaintiffs did not consent to their confinement;

67.    That plaintiffs were prevented from leaving their confinement;

68.    That during this confinement, plaintiffs were fingerprinted and photographed by, and at the direction of, the defendants, their agents, servants and/or employees;

69.    At the time of arraignment, the plaintiffs, who had never been arrested before, learned that the formal charges levied against them were possession of narcotics, possession of narcotics with intent to sell, and possession of a "lit marijuana cigarette;"

70.    That the criminal charges were levied by defendant officer, Lohman, who swore that the facts contained in the accusatory instrument were true;

71.    That plaintiffs were advised that these charges were felonies, and that they would be facing jail time if convicted and would have to provide a DNA sample if convicted as well;

72.    That when the plaintiffs first learned that they were

10

being charged with crimes involving narcotics, they experienced extreme fear, anxiety, helplessness and desperation;

73.     The plaintiffs had heard James Freeman tell the officers, including defendant officer Lohman, that the Oxycodone was lawfully prescribed medication and that it belonged to him;

74.     Yet the defendant officers completely disregarded these facts and proceeded to arrest and imprison plaintiffs and charge them with felonies;

75.     That none of these charges were supported by the facts nor was there probable cause to believe that plaintiff committed any act that would support any of these charges;

76.     In fact, the Oxycodone was lawfully prescribed to James Freeman by a licensed physician in the State of New York prior to October 9, 2013;

77.     That, upon information and belief, the label on the bottle of Oxycodone, accurately reflected this information;

78.     As such, it was clear that the Oxycodone did not belong to the plaintiffs nor was it an illegal substance;

79.     Moreover, the plaintiffs did not a possess marijuana cigarette in the car either;

80.     In these regards, defendant, Lohman's sworn statements in the accusatory instrument were untrue and he should have known they were untrue;

81.     That the actions of the defendant police officers,

11

from the moment they had approached the plaintiffs' vehicle were unlawful and deprived the plaintiffs, and their companions, of their substantive and procedural due process rights;

82. That plaintiffs were released on their own recognizance on October 10, 2013, at approximately 4:00 p.m.;

83. That plaintiffs were forced to make 2 additional Court appearance before the entire criminal case was dismissed, without condition, and sealed;

84. That plaintiffs sustained emotional harm in the form of fear, anxiety, stress, disgrace, embarrassment and loss of self esteem, and physical harm in the form of extreme discomfort, anxiety, tension and fear as a result of the aforesaid arrest, imprisonment and prosecution perpetrated upon them by defendants as a result of the afore-referenced events;

85. Plaintiffs suffered from a loss of liberty and deprivation of substantive and procedural due process rights protected by the United States and New York State Constitution as a result of the afore-referenced events;

86. That as a result of this arrest, plaintiff, Anton J. Session was terminated from his employment with the Board of Education, where he served as a tutor for young children through a college program he was pursuing at City College of New York;

**FIRST CAUSE OF ACTION FOR VIOLATION OF
PLAINTIFFS' SUBSTANTIVE AND PROCEDURAL DUE
PROCESS RIGHT TO BE FREE FROM UNREASONABLE
SEARCHES AND SEIZURES UNDER THE FOURTH, FIFTH**

**AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION PREDICATED UPON FALSE ARREST AND IMPRISONMENT**

87. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein;

88. As a result of the aforedescribed actions, including the illegal search, arrest and imprisonment of plaintiffs without probable cause, the defendants, Police officers Lohman, Kearney, Sjoberg and the officers designated "JOHN DOE 1-8," individually deprived plaintiffs of the *rights, privileges and immunities* secured by the Constitution and laws of the United States and the Fourteenth Amendment;

89. As a result of the aforedescribed actions, these defendants individually deprived plaintiffs of their substantive and procedural due process *rights to be free from unreasonable search and seizures* secured by the Constitution and laws of the United States and the Fourth and Fourteenth Amendments;

90. As a result of the aforedescribed actions, these defendants individually deprived plaintiffs of their *right to liberty,* without due process of law secured by the Constitution and laws of the United States and the Fifth and Fourteenth Amendments;

91. As a result of the aforedescribed actions, including the patently offensive racial conduct and remarks made by

defendants during the aforementioned seizure, arrest and incarceration of plaintiff, these defendants individually deprived plaintiffs of **_Equal Protection under the Law_** secured by the Constitution and laws of the United States and the Fourteenth Amendment;

92.    The aforedescribed constitutional violations are all actionable under and pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1986;

93.    The aforedescribed acts of these defendants were intentional, willful, malicious and performed with reckless disregard for and deliberate indifference to plaintiff's rights;

94.    As a result of the foregoing, plaintiffs have suffered damages;

> **SECOND CAUSE OF ACTION FOR VIOLATION OF PLAINTIFFS' RIGHTS UNDER THE FOURTH, FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION PREDICATED UPON THE <u>MALICIOUS PROSECUTION OF PLAINTIFFS</u>**

95.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein;

96.    As a result of the aforedescribed actions, including the initiation of the criminal prosecution of plaintiff without probable cause, the defendants, Police Officers, Lohman, Kearney, Sjoberg and the officers designated "JOHN DOE 1-8," individually, deprived plaintiffs of their **_rights, privileges and immunities_**

14

secured by the Constitution and laws of the United States and the Fourteenth Amendment;

97. As a result of the aforedescribed actions, these defendants deprived plaintiffs of their substantive and procedural due process **rights to be free from unreasonable search and seizures** secured by the Constitution and laws of the United States and the Fourth and Fourteenth Amendments;

98. As a result of the aforedescribed actions, these defendants deprived plaintiffs of their **rights to liberty** without due process of law secured by the Constitution and laws of the United States and the Fifth and Fourteenth Amendments;

99. As a result of the aforedescribed actions, including the patently offensive racial conduct and remarks made by defendants during the aforementioned seizure, arrest and incarceration of plaintiff, these defendants individually deprived plaintiffs of **Equal Protection under the Law** secured by the Constitution and laws of the United States and the Fourteenth Amendment;

100. The aforedescribed conduct by this defendant was motivated and instigated by other than lawful reasons and without probable cause;

101. The aforedescribed constitutional violations are all actionable under and pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1986;

15

102.    The aforedescribed acts of these defendants were intentional, willful, malicious and performed with reckless disregard for and deliberate indifference to plaintiffs' rights;

103.    As a result of the foregoing, plaintiffs have suffered damages;

**THIRD CAUSE OF ACTION FOR VIOLATION OF PLAINTIFFS RIGHTS PREDICATED UPON THE IMPOSITION AND APPLICATION OF AN UNCONSTITUTIONAL MUNICIPAL CUSTOM, PRACTICE OR POLICY OF DEFENDANT CITY OF NEW YORK (MONELL)**

104.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein;

105.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto;

106.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the existing customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department;

107.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to

16

the safety, well-being and constitutional rights of plaintiffs;

108.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein;

109.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein;

110.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiffs were subjected to an unlawful stop and frisk, search and eventual arrest and prosecution, all without probable or reasonable cause;

111.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiffs as set forth herein;

112.    Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiffs'

17

constitutional rights.

113.    All of the foregoing acts by defendants deprived plaintiffs of federally protected rights, including, but not limited to, substantive and procedural due process rights to be free from unreasonable search and seizure, the right not to have summary punishment imposed upon them, the right to equal protection under the law, the right to be free from prosecution before a tribunal unless there exists probable or reasonable cause, the rights, privileges and immunities afforded other citizens of the United States, the right to freely and lawfully associate with others without the interference of government;

114.    That a violation of these federally protected rights are all actionable under and pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1986;

115.    That plaintiffs sustained emotional harm in the form of fear, anxiety, stress, disgrace, embarrassment and loss of self esteem, and physical harm in the form of extreme discomfort, anxiety, tension and fear as a result of the aforesaid arrest, imprisonment and prosecution perpetrated upon them by defendants as a result of the afore-referenced events;

116.    As a result of the foregoing, plaintiffs have suffered damages;

> **FOURTH CAUSE OF ACTION FOR VIOLATION OF
> PLAINTIFFS' SUBSTANTIVE AND PROCEDURAL DUE
> PROCESS RIGHTS TO BE FREE FROM UNREASONABLE
> SEARCHES AND SEIZURES, AS PROTECTED BY**

18

**ARTICLE 1 OF THE NEW YORK STATE CONSTITUTION
PREDICATED UPON THE ARREST AND IMPRISONMENT
OF PLAINTIFF WITHOUT PROBABLE CAUSE**

117.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein;

118.    As a result of the aforedescribed actions, including the illegal search, arrest and imprisonment of plaintiffs without probable cause, the defendants, Police Officers Lohman, Kearney, Sjoberg and the officers designated "JOHN DOE 1-8," individually deprived plaintiffs of the ***rights, privileges and immunities*** secured by Article I, Sections 1, 5, 8, 11 and 12 the New York State Constitution;

119.    As a result of the aforedescribed actions, these defendants individually deprived plaintiffs of their substantive and procedural due process ***rights to be free from unreasonable search and seizures*** secured by Article I, Sections 1, 5, 8, 11 and 12 of the New York State Constitution;

120.    As a result of the aforedescribed actions, these defendants individually deprived plaintiffs of their ***rights to liberty*** without due process of law secured by Article I Sections 1, 8, 11 and 12 of the New York State Constitution;

121.    As a result of the aforedescribed actions, including the patently offensive racial conduct and remarks made by defendants during the aforementioned seizure, arrest and

19

incarceration of plaintiff, these defendants individually deprived plaintiffs of *Equal Protection under the Law* secured by Article I Sections 1, 8, 11 and 12 of the New York State Constitution;

122.    The aforedescribed conduct by these defendants was motivated and instigated by other than lawful reasons and without probable cause;

123.    The aforedescribed acts of these individual defendants were intentional, willful, malicious and performed with reckless disregard for and deliberate indifference to plaintiffs' rights;

124.    As a result of the foregoing, plaintiffs have suffered damages;

> **FIFTH CAUSE OF ACTION FOR VIOLATION OF PLAINTIFFS' SUBSTANTIVE AND PROCEDURAL DUE PROCESS RIGHTS TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES, AS PROTECTED BY ARTICLE 1 OF THE NEW YORK STATE CONSTITUTION PREDICATED UPON THE MALICIOUS PROSECUTION OF PLAINTIFFS**

125.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein;

126.    As a result of the aforedescribed actions, including the initiation of the criminal prosecution of plaintiff without probable cause, the defendants, Police Officers Lohman, Kearney, Sjoberg and the officers designated "JOHN DOE 1-8," individually

deprived plaintiffs of their **rights, privileges and immunities** secured by Article I, Sections 1, 5, 8, 11 and 12 the New York State Constitution;

127.    As a result of the aforedescribed actions, these defendants deprived plaintiffs of their **rights to be free from unreasonable search and seizures** secured by Article I, Sections 1, 5, 8, 11 and 12 the New York State Constitution;

128.    As a result of the aforedescribed actions, these defendants, deprived plaintiffs of their **rights to liberty** without due process of law secured by Article I, Sections 1, 5, 8, 11 and 12 the New York State Constitution;

129.    As a result of the aforedescribed actions, including the patently offensive racial conduct and remarks made by defendants during the aforementioned seizure, arrest and incarceration of plaintiff, these defendants individually deprived plaintiffs of **Equal Protection under the Law** secured by Article I Sections 1, 8, 11 and 12 of the New York State Constitution;

130.    The aforedescribed conduct by these defendants was motivated and instigated by other than lawful reasons and without probable cause;

131.    The aforedescribed acts of these defendants were intentional, willful, malicious and performed with reckless disregard for and deliberate indifference to plaintiffs' rights;

132.    As a result of the foregoing, plaintiffs have suffered damages;

### SIXTH CAUSE OF ACTION FOR FALSE ARREST AND IMPRISONMENT

133.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein;

134.    As a result of the foregoing, plaintiffs were without just cause or provocation, maliciously, recklessly, and/or intentionally arrested and imprisoned without probable cause resulting in an unlawful confinement, deprivation of liberty and other serious injury and harm to plaintiffs;

135.    That at the time and place aforesaid, the defendants, individually and/or vicariously by and through their agents, servants and/or employees, without just cause or provocation, maliciously, recklessly, and/or intentionally caused plaintiff to be arrested and imprisoned without probable cause resulting in an unlawful confinement, deprivation of liberty and other serious injury to plaintiffs;

136.    That the occurrence and damages sustained by plaintiffs were caused solely by the malicious, reckless, and/or intentional conduct of the defendants, individually and/or vicariously by and through their agents, servants and/or employees, without any provocation on the part of the plaintiffs contributing thereto;

137.     As a result of the foregoing, plaintiffs have suffered damages;

### SEVENTH CAUSE OF ACTION FOR MALICIOUS PROSECUTION

138.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein;

139.     As a result of the foregoing, plaintiffs were, without just cause or provocation, maliciously, recklessly, and/or intentionally charged and prosecuted with a crime without probable cause resulting in an unlawful deprivation of liberty and other serious harm to plaintiffs;

140.     That this prosecution and these charges were false and were levied without just cause or provocation, and without probable cause resulting in an unlawful deprivation of liberty and other serious harm to plaintiffs;

141.     That at the time and place aforesaid, the defendants, individually and/or vicariously by and through their agents, servants and/or employees including, but not limited to P.O. LOHMAN, maliciously, recklessly, and/or intentionally caused plaintiffs to be charged and prosecuted without probable cause resulting in an unlawful deprivation of liberty and other serious harm to plaintiffs;

142.     That this occurrence and the damages sustained by plaintiffs were caused solely by the malicious, reckless, and/or

intentional conduct of the defendants, individually and/or vicariously by and through their agents, servants and/or employees;

143. That all charges against plaintiffs were dismissed outright and without condition;

144. As a result of the foregoing, plaintiffs have suffered damages;

### EIGHTH CAUSE OF ACTION FOR NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL HARM

145. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein;

146. As result of the foregoing, defendants, individually and or vicariously, by and through their agents, servants and/or employees, intentionally, wantonly, recklessly, carelessly and/or negligently engaged in extreme and outrageous conduct measured by the reasonable bounds of decency tolerated by decent society thereby inflicting mental and emotional distress upon plaintiffs;

147. As a result of the foregoing, plaintiffs have suffered damages;

### NINTH CAUSE OF ACTION FOR NEGLIGENT TRAINING, SUPERVISION AND RETENTION

148. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein;

24

149.     That at all times hereinafter mentioned, the defendants, THE CITY OF NEW YORK, by its agents, servants and/or employees carelessly, negligently, and recklessly hired applicants for the position of Police Officer;

150.     That at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK, by its agents, servants and/or employees carelessly, negligently, and recklessly trained applicants for the position of police officer;

151.     That at all times hereinafter mentioned, the defendant, CITY OF NEW YORK, by its agents, servants and/or employees carelessly, negligently and recklessly supervised, controlled, managed, maintained and inspected the activities of its police officers;

152.     That at all times hereinafter mentioned, the defendant, CITY OF NEW YORK, by its agents, servants and/or employees caused, permitted and allowed its police officers to act in an illegal, unprofessional, negligent and/or deliberate manner in carrying out their official duties and/or responsibilities;

153.     That at all times hereinafter mentioned, the defendant, CITY OF NEW YORK, by its agents, servants and/or employees carelessly, negligently and recklessly retained in its employ, police officers clearly unfit for the position who acted in an illegal, unprofessional, negligent and/or deliberate manner

25

in carrying out their official duties and/or responsibilities prior to the date of the incident complained of herein;

154.    That at the time and place aforesaid, the defendant CITY OF NEW YORK, by its agents, servants and/or employees, without just cause or provocation, maliciously, recklessly, and/or intentionally falsely arrested, imprisoned and maliciously prosecuted plaintiffs causing serious personal harm and damages to plaintiffs with knowledge that they had not committed any crime and without any evidence to believe that they had committed a crime;

155.    That the occurrence and damages sustained by plaintiffs, were caused solely by, and as a result of the malicious, reckless, negligent, and/or intentional conduct of the defendant, CITY OF NEW YORK, its agents, servants and/or employees as set forth above, without any provocation on the part of the plaintiffs contributing thereto, specifically, the negligent and reckless manner in which said defendant hired, trained, supervised, controlled, managed, maintained, inspected and retained its police officers;

156.    As a result of the foregoing, plaintiffs have suffered damages;

### TENTH CAUSE OF ACTION FOR PUNITIVE DAMAGES

157.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the preceding paragraphs with the

same force and effect as if set forth more fully herein;

158.    That the aforesaid occurrence and resulting harm to plaintiffs were due to the willful, wanton, reckless and/or malicious conduct of the individual defendants, including Police Officers Lohman, Kearney, Sjoberg and the officers designated "JOHN DOE 1-8";

159.    That the aforesaid occurrence and resulting injuries to plaintiffs were due to the conduct of these defendants which reflected an utter indifference to the rights, safety and well being of others and specifically the rights, safety and well being of plaintiffs;

160.    That the conduct of these defendants exhibited a reckless disregard for human life and the rights, safety and well being of others and more particularly, for the life, rights, safety and well being of plaintiffs;

161.    As a result of the foregoing, plaintiffs have suffered damages;

162.    As a result of the foregoing, defendants, including Police Officers Lohman, Kearney, Sjoberg and the officers designated "JOHN DOE 1-8," should be made to pay punitive damages to punish them for their wanton, reckless and malicious acts and thereby discourage these defendants and others from acting in a similar way in the future;

27

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered as follows:

(A)   Declaratory relief as follows:

    1.   As to the first cause of action, a declaration that plaintiffs' rights under the Fourth Fifth and Fourteenth Amendment of the United States Constitution was violated, predicated upon the unlawful arrest and imprisonment of plaintiff;

    2.   As to the second cause of action, a declaration that plaintiffs' rights under the Fourth, Fifth and Fourteenth Amendment of the United States Constitution was violated, predicated upon the malicious prosecution of plaintiff;

    3.   As to the third cause of action, a declaration that plaintiffs' rights were violated, predicated upon the imposition and application of an unconstitutional municipal custom, practice policy of defendant City of New York (*Monell*)

    4.   As to the fourth cause of action, a declaration that plaintiffs' rights to be free from unreasonable searches and seizures, as protected by Article 1 of the New York State Constitution was violated, predicated upon the false arrest and imprisonment of plaintiff;

    5.   As to the fifth cause of action for violation of plaintiffs' substantive and procedural due process right to be free from unreasonable searches and seizures under Article 1 of the New York State Constitution was violated, predicated upon the malicious prosecution of plaintiff;

(B)   As to the first through ninth causes of action, compensatory damages in an amount to be determined at a trial but not less than Two Hundred Fifty Thousand ($250,000.00) Dollars for each plaintiff;

28

(C)  As to the first through tenth causes of action,

punitive damages in an amount to be determined at a trial

but not less than Five Hundred Thousand ($500,000.00)

Dollars for each plaintiff by reason of the wanton, willful

and malicious character of the conduct complained of herein;

(D)  As to the first through tenth causes of action, an

award to plaintiff of the costs and disbursements herein;

(E)  As to the first through third causes of action, an

award of attorney's fees as provided under 42 U.S.C. §1988;

and

(F)  Such other and further relief as this Court may deem

just, proper and equitable

Dated:     May 11, 2015
           Mineola, New York

_____
Steve Marchelos, Esq. (SM6773)
MARCHELOS LAW P.C.
Attorneys for Plaintiffs
Session and Ware
87 Mineola Boulevard
Mineola, New York 11501
(516) 248-0202